Wu v. Sessions

BIA
Christensen, IJ
A206 690 804

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand eighteen.

PRESENT:
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges.*

_____

ZHENDE WU, AKA WU ZHENDE,

Petitioner,

v.                                        17-935
                                          NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

FOR PETITIONER:        Gerald Karikari, Karikari & Associates, P.C., New York, NY.

FOR RESPONDENT:        Chad A. Readler, Principal Deputy

Assistant Attorney General; John S. Hogan, Assistant Director; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhende Wu, a native and citizen of the People's Republic of China, seeks review of a March 9, 2017, decision of the BIA affirming a July 20, 2016, decision of an Immigration Judge ("IJ") denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhende Wu,* No. A206 690 804 (B.I.A. Mar. 9, 2017), *aff'g* No. A206 690 804 (Immig. Ct. N.Y. City July 20, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163 & n.2. Substantial evidence supports the agency's determination that Wu was not credible as to his claim that he attended church in China, that Chinese officials detained and harmed him on account of his distribution of religious pamphlets, and that he continues to practice Christianity in the United States. Certified Administrative Record ("CAR") at 35–36.

The agency reasonably determined that there were inconsistencies between Wu's statements in his asylum application, at a credible fear interview, and at his hearing before the IJ, regarding how often he attended church in China and how he was treated when he was detained in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009) (finding record of credible

3

fear interview reliable when interview was conducted with interpreter and record is typewritten, demonstrates that applicant understood the questions, and includes questions about past harm or fear of future harm). Wu did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably found discrepancies in Wu's accounts of why he began practicing Christianity. In his initial statements, he claimed that his friend converted him to Christianity at a time when his wife was in hiding from family planning officials, family planning officials were harassing him, and he had closed his business due to debt. However, he later testified that his wife was six or seven months pregnant and present at their house when his friend converted him to Christianity. When asked why she was no longer hiding at that time, Wu testified that they had paid a fine to resolve their problems with family planning

4

officials. When confronted with his discrepant statements regarding why he converted to Christianity, Wu testified that he was primarily focused on his Christianity claim and thus did not previously mention their payment of the family planning fine. The agency was not compelled to credit this explanation because Wu claimed that his problems with family planning officials led him to practice Christianity. *See id.* at 81.

The agency also reasonably relied on inconsistencies between Wu's testimony that he was detained in China after three police officers approached him when he was distributing religious pamphlets with two friends, and his friend's statement that only one officer approached them. See 8 U.S.C. § 1158(b)(1)(B)(iii). When confronted with this inconsistency, Wu changed his testimony to conform with his friend's statement, stating that one officer approached them but three officers chased them. Wu now argues that his friend's statement was mistranslated, and actually states that three police officers approached them. This explanation compounds the inconsistency given that Wu initially changed his testimony to match his friend's statement. *See Majidi*, 430 F.3d at 80.

Finally, although minor, the agency reasonably noted that a letter from Wu's church stated that he was baptized on February 7, 2015, but the baptism certificate states that he was baptized on the same date in 2016. *See Diallo v. INS*, 232 F.3d 279, 287-88 (2d Cir. 2000) (recognizing that minor discrepancies in dates need not be fatal to an applicant's credibility); *Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

Given these inconsistencies, as well as the IJ's consideration of "the totality of circumstances, including [Wu's] demeanor while testifying, his responsiveness to the questions that were asked, [and] the inherent plausibility of his claim," CAR at 4, the agency's adverse credibility determination is supported by substantial evidence, 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Contrary to Wu's contention, that determination is dispositive of asylum, withholding of removal, and CAT relief because the IJ explicitly concluded that Wu was not credible as to all aspects of his claim, including his assertion that he is a

6

practicing Christian.  *See Paul v. Gonzales*, 444 F.3d 148,
156-57 (2d Cir. 2006).*

    For the foregoing reasons, Wu's petition for review is
DENIED.  As we have completed our review, any stay of removal
that the Court previously granted in this petition is VACATED,
and any pending motion for a stay of removal in this petition
is DISMISSED as moot.  Any pending request for oral argument
in this petition is DENIED in accordance with Federal Rule of
Appellate Procedure 34(a)(2), and Second Circuit Local Rule
34.1(b).

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk of Court

---

* Although the BIA and Government concluded that Wu waived his CAT claim, Wu's challenge to the adverse credibility determination necessarily included a challenge to the IJ's denial of CAT relief because the IJ denied all relief on credibility grounds.